# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | Case No. 12-00649-TLM |
| ) | |
| JAY P. CLARK, ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| JEREMY GUGINO, solely in his ) | |
| capacity as Chapter 7 Trustee of the ) | |
| bankruptcy estate of the above- ) | |
| named Debtor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 13-06016-TLM |
| ) | |
| CLARK'S CRYSTAL SPRINGS ) | |
| RANCH, LLC, an Idaho limited ) | |
| liability company; CLARK FARMS ) | |
| FAMILY TRUST, a trust organized ) | |
| under the laws of the State of Idaho; ) | |
| DOES 1-10; and DOES 11-20, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM OF DECISION
_____

Jay Clark ("Debtor") filed a chapter 12 case on March 27, 2012, which was

converted to a chapter 7 liquidation on May 31, 2013.  On May 9, 2014, the

chapter 7 trustee, Jeremy Gugino ("Plaintiff"), commenced this adversary

proceeding against defendants Clark's Crystal Springs Ranch, LLC (the "LLC"),

an entity created by Debtor, and against Clark Farms Family Trust (the "Trust"), a

trust settled by Debtor.  Plaintiff seeks relief on four causes of action, including

fraudulent conveyance, reverse piercing the corporate veil, declaratory relief that

the Trust is revocable, and substantive consolidation of the Trust and LLC with

Debtor.[1]

On May 9, 2016, Plaintiff filed a motion for partial summary judgment on

his second and fourth causes of action along with the requisite submissions under

Bankruptcy Rule 7056 and LBR 7056.1.  *See* Doc. No. 53.  That same day, the

LLC and the Trust (collectively "Defendants") filed their own motion for

summary judgment and related submissions.  *See* Doc. No. 55.  The parties filed

their respective responses on May 26.  *See* Doc. Nos. 57, 58.  Reply briefs were

filed on June 2.  *See* Doc. Nos. 64, 65.  Additionally, Defendants filed a motion to

strike Plaintiff's statement of undisputed facts, *see* Doc. No. 59, to which Plaintiff

responded on June 2, *see* Doc. No 63.  The Court heard oral argument on all three

of these motions on June 9, 2014, and now issues this Decision resolving the

motions.

### I.    Motion to strike

Defendants seek to strike Plaintiff's statement of undisputed facts under

---

[1]  The parties have specifically and expressly consented to this Court's jurisdiction and to this Court entering final judgment on all causes subject only to appellate review under 28 U.S.C. § 158.  Doc. No. 49.

Federal Rules of Civil Procedure 26(e) and 37(c), incorporated in this adversary proceeding by Federal Rules of Bankruptcy Procedure 7026 and 7037 respectively. In particular, Defendants argue Plaintiff failed to properly disclose the facts now detailed in his statement when he responded to interrogatories posed by Defendants. *See* Doc. No. 55-1 at 13–16.[2] When asked to "identify all facts and documents" supporting thirty-four paragraphs of the complaint, Plaintiff responded as to twelve of those paragraphs by stating: "The allegations in this paragraph speak for themselves. Further, the allegations in this paragraph are supported by the other allegations contained in the Complaint, and the statements regarding the paragraphs listed above." *Id.* at 14. Defendants argue that such responses were either incomplete or incorrect, and so should be stricken.[3]

Defendants' motion to strike suffers from an initial procedural defect. Defendants did not certify they complied with the meet and confer requirement of LBR 7037.1(a). Although Defendants argue that they need not do so because they are not moving to compel under Federal Rule of Civil Procedure 37, they are nonetheless seeking a Rule 37 remedy. Thus the motion to strike falls within the

---

[2] The motion to strike incorporates by reference Defendants' allegations regarding allegedly incomplete answers to interrogatories, which were described in Defendants' brief in support of their motion for summary judgment. *See* Doc. No. 55-1.

[3] Plaintiff disputes Defendants' characterizations that his answers were incomplete or incorrect. The Court generally agrees because most of the allegations that were alleged to be "incompletely" answered were legal conclusions, based on factual allegations alleged earlier in the complaint. Additionally, some of the allegations were duplicative and addressed in earlier responses.

MEMORANDUM OF DECISION - 3

ambit of LBR 9037.1.  This motion therefore will be denied for the failure to comply with the Local Rule.

In addition, there are substantive defects.  Rather than seeking to exclude specific evidence that was not disclosed, Defendants seek the overly broad remedy of striking the entire statement of facts.  But the plain language of the rule establishes such a request is overreaching: "If a party fails to provide information or identify a witness . . . the party is not allowed to use *that information or witness* to supply evidence on a motion, at a hearing, or at trial . . . ." Fed. R. Civ. P. 37(c)(1) (emphasis added).[4]  Thus, even if the Court were to consider the merits of Defendants' motion to strike notwithstanding the failure to "meet and confer," Defendants would still not prevail.

The Court's review of the record persuades it that Defendants' motion to strike is not well taken and will be denied.

## II.    Summary judgment motions

Federal Rule of Civil Procedure 56, incorporated in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, states: "The court shall grant summary judgment if the movant shows that there is no genuine

---

[4]  Even if Defendants had sought to prohibit presentation of specific evidence, such a remedy would be inappropriate because Defendants never sought to compel a more complete answer.  *See Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 560 (D. Mont. 2009) (describing a prohibition on presenting evidence as a "severe sanction" and opting for monetary sanctions in the absence of a pattern of flouting discovery orders).  Defendants ignored a more reasonable remedy for the perceived failure of Plaintiff—a motion to compel earlier in the case.

MEMORANDUM OF DECISION - 4

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of fact, after which the opposing party must provide evidence establishing a genuine issue of material fact. *Poole v. Davis (In re Davis)*, 2012 WL 4831494, *2 (Bankr. D. Idaho Oct. 10, 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).  But even if the opposing party fails to establish the existence of disputed facts, the moving party must still establish it is entitled to judgment as a matter of law.  *See North Slope Borough v. Rogstad (In re Rogstad)*, 126 F.3d 1224, 1227–28 (9th Cir. 1997) (holding the trial court erred by resting its grant of summary judgment on the opposing party's failure to file a response).[5]

Additionally, "'[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts' are inappropriate at the summary judgment stage." *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 861 (9th Cir. 2011) (alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  And all justifiable inferences must be drawn in favor of the

---

[5]  As Plaintiff noted in his briefing and at oral argument, Defendants' response brief failed to include the statement of disputed and undisputed facts required by LBR 7056.1. However, as the Ninth Circuit BAP recently noted, "Even a complete lack of opposition to a motion for summary judgment does not relieve the moving party of its obligation to meet its burden of showing entitlement to judgment as a matter of law."  *Salehi v. Global Auto. Grp., Inc. (In re Salehi)*, 2014 WL 2726149, *5 n.7 (9th Cir. BAP, June 9, 2014) (citing *Rogstad*, 126 F.3d at 1227).

MEMORANDUM OF DECISION - 5

non-moving party.  *Id.* (citing *Anderson*, 477 U.S. at 255).[6]

Plaintiff's motion seeks summary judgment on two of his four substantive

claims: 1) the "alter ego" claim seeking to "disregard the corporate existence" of

the LLC and the Trust, and 2) the claim for substantive consolidation.

Defendants seek summary judgment on three grounds: 1) that pursuant to

§ 541(c)(2), the Trust corpus (and, therefore, the membership in the LLC as the

Trust's property) is not available to satisfy the claims of creditors because of a

valid spendthrift provision; 2) that the Trust is irrevocable, so Plaintiff's claim

seeking a declaratory judgment that he may revoke the Trust must fail; and 3) that

Plaintiff has not presented facts supporting his causes of action and so summary

judgment should be granted in favor of Defendants.

The Court has carefully reviewed the voluminous documents submitted

regarding the two motions for summary judgment.  Based on that review, the

Court determines that to grant summary judgment to either party would require the

Court to make impermissible credibility determinations, to make inappropriate

inferences favoring the respective movant, or to disregard information provided by

---

[6]  This Court has attempted (with apparently limited success) to make clear that it
respects these limits on the proper use of summary judgment motions, and will deny such motions
where they improperly require weighing of evidence, determining credibility, or drawing
inappropriate inferences.  *See*, *e.g.*, *Boise City/Ada Cnty. Housing Auth. v. O'Brien (In re
O'Brien)*, 2011 WL 1457304 (Bankr. D. Idaho Apr. 15, 2011).

MEMORANDUM OF DECISION - 6

the opponent that creates disputed facts.[7]  Further, in certain instances, the moving

party failed to carry its burden by establishing it was entitled to judgment as a

matter of law.

Finally, as this Court stated in *Zazzali v. Goldsmith (In re DBSI Inc.)*, 2013

WL 1498365 (Bankr. D. Idaho Apr. 11, 2013) (discussing a motion for judgment

on the pleadings under Fed. R. Civ. P. 12(c)),

> Much as the case where a motion for summary judgment is denied, a
> court that will later conduct a bench trial in that same cause is well
> advised to keep discussion of facts in its ruling to a minimum, thus
> avoiding commentary or characterization that might lead the parties to
> assume (erroneously, of course) that decisions have been reached on
> the facts prior to the presentation of evidence.

*Id.* at *5.  For that prudential reason, the Court will not elaborate on the specifics

of its evaluation of each motion's defects.

**CONCLUSION**

Defendants' motion to strike Plaintiff's statement of undisputed facts is

found not well-taken and will be denied.

Neither summary judgment motion met the burden of establishing the

absence of genuine issues of material fact and entitlement to judgment as a matter

of law, so both such motions will be denied.  The Court will enter appropriate

orders.

---

[7]  Similarly, on the record currently before it, the Court cannot weigh factors and
thoroughly review the record as required for certain of the claims at issue.  *See, e.g. In re
Bonham*, 229 F.3d 750, 764 (9th Cir. 2000) (noting substantive consolidation requires a
"searching review of the record, on a case-by-case basis").

MEMORANDUM OF DECISION - 7

DATED:  June 25, 2014



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 8